IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGDOM, by His Excellency Donald Anthony Lewis Co-Sovereign,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV. NO. 11-00657 DAE KSC |

ORDER: (1) DENYING PLAINTIFF'S MOTION TO VACATE, AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS ACTION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's and Plaintiff's Motions and the supporting and opposing memoranda, the Court hereby **DENIES** Plaintiff's Motion to Vacate (Doc. # 9) and **GRANTS** Defendant's Motion to Dismiss this action (Doc. # 6).

BACKGROUND

On March 5, 1997, the United States filed a Complaint in Condemnation and a Declaration of Taking to condemn a parcel of land described as "4.030 acres of land, more or less, bounded in part by access roads known as

Elliott Street and Aokea Place, and 168,552 square feet of land, more or less, situate[d] at Honolulu International Airport, in the City & County of Honolulu, Island of Oahu, State of Hawaii" ("Subject Property").  (Case No. 97-00571 DAE, Doc. # 1.)  The Complaint in Condemnation identifies Plaintiff Donald A. Lewis ("Lewis") and Perfect Title Company as parties to the condemnation action who have or claim an interest in the Subject Property.  (See id. ¶ 6) On June 27, 1997, Lewis, President of Perfect Title Company, served on the parties and the Court several documents purporting to challenge the validity of the State of Hawaii's title to the Subject Property and claiming title to the property for Lewis and the Perfect Title Company on behalf of the Hawaiian Kingdom.  (Case No. 97-00571 DAE, Doc. # 17.)

On July 22, 1997, the Court issued an Order granting the State of Hawaii's Motion for Distribution of Proceeds and rejecting Lewis' claims to the Subject Property.  (Case No. 97-00571 DAE, Doc. # 21.)  The Court held that "Perfect Title's claim is utterly and completely without merit" based on the following five grounds:

>   (1) There is no basis in law or fact for the proposition that title to property "freezes" when a charge of treason is made.  (Id. at 4.)

(2) Perfect Title has no authority to invalidate prior conveyances of property because the Kingdom of Hawaii does not exist in recognized form today. (<u>Id.</u> at 5.)

(3) Any challenge to individual land titles on the basis of their participation in the establishment of the Republic of Hawaii is foreclosed in light of Congress' recognition of the government of the Republic of Hawaii as the established government and the acceptance of the validity of the transfer agreements by both the United States and the Hawaii Supreme Courts. (<u>Id.</u>)

(4) Perfect Title's claims against the United States are long barred by the statute of limitations set forth in 28 U.S.C. § 2409a(g). (<u>Id.</u> at 5–6.)

(5) The Hawaii State Courts are in accord, rejecting Perfect Title's attempts to make claims to property based upon events surrounding the overthrow of the monarchy. (<u>Id.</u> at 6–7.)

On October 27, 1997, pursuant to the Order Granting the State of Hawaii's Motion for Distribution of Proceeds, the Court entered a Final Judgment in the condemnation action and ordered payment of just compensation to the State of Hawaii. (Case No. 97-00571 DAE, Doc. # 23.)

On October 28, 2011, fourteen years after Judgment was entered in the condemnation action, Lewis, proceeding <u>pro se</u>, initiated the instant action against the United States, once again claiming title to the Subject Property on behalf of the Hawaiian Kingdom. (Doc. # 1.) On November 23, 2011, the United States filed a Motion to Dismiss this action. (Doc. # 6.) On December 9, 2011, Plaintiff filed a "Reply" to the Motion to Dismiss. (Doc. # 8.) On December 19,

2011, Plaintiff filed a document entitled "Second Motion to Vacate Case No. 97-571 DAE."[1] (Doc. # 9) On December 29, 2011, the United States filed a Memorandum in support of its Motion to Dismiss and in opposition to Plaintiff's Motion to Vacate. (Doc. # 11.) On January 9, 2011, Plaintiff filed another "Reply" to the Motion to Dismiss. (Doc. # 12)

STANDARD OF REVIEW

I. Motion to Vacate Judgment

Federal Rule of Civil Procedure 60(b) permits relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by the adverse party; (4) voiding that judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Rule 60(b) "provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." Jeff D. v. Kempthorne, 365 F.3d 844, 851 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that

---

[1] Although titled a "Second Motion to Vacate," Plaintiff never filed a First Motion to Vacate.

4

considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." U.S. v. Berke, 170 F.3d 882, 883 (9th Cir. 1999).

II.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); Rattlesnake Coalition v. U.S. Env't Prot. Agency, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007). "In considering the jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'" Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. By

contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id.

If the movant makes a factual attack on jurisdiction, the court may review evidence beyond the complaint. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). In resolving an attack on the facts, however, a court may weigh evidence to determine whether it has jurisdiction, as long as the jurisdictional facts are not intertwined with the merits. Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Kingman Reef Atoll Investments, LLC v. U.S., 541 F.3d 1189, 1195 (9th Cir. 2008) (internal quotation marks and citation omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage, 343 F.3d at 1039 n. 2. (9th Cir. 2003).

III.     Motion to Dismiss for Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief

6

can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a

formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F .3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

DISCUSSION

I.  Plaintiff's Motion to Vacate

Plaintiff's Motion to Vacate, although not clear whatsoever, appears to be arguing that the Judgment entered in Case No. 97-00571 DAE should be vacated "for lack of jurisdiction under Federal Condemnation Procedures." Plaintiff cites Sweet v. Rechel, 159 U.S. 380 (1895) to support this assertion. However, that case involved a state's exercise of quick-take condemnation powers and has no application to the case at bar. Moreover, Plaintiff has not identified any reasons suggesting that this Court acted in a manner inconsistent with the rules governing condemnation proceedings in Federal Court. See Fed. R. Civ. P. 71.1.

Further, to the extent that Plaintiff is arguing that this Court lacks jurisdiction over residents of Hawaii, the Ninth Circuit, this Court, and Hawaii state courts have all rejected this contention and held that the laws of the United States and the State of Hawaii apply to all individuals in this State. See United States v. Lorenzo, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding that the Hawaii district court has jurisdiction over Hawaii residents claiming they are citizens of the Sovereign Kingdom of Hawaii); Kupihea v. United States, 2009 WL 2025316, at *2 (D. Haw. July 10, 2009) (dismissing complaint seeking release from prison on the basis that plaintiff is a member of the Kingdom of Hawaii); State v. French,

883 P.2d 644, 649 (Haw. App. 1994) ("[P]resently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.") (internal quotations omitted).

Accordingly, the Court concludes that Plaintiff's Motion to Vacate is meritless and therefore should be **DENIED**.

II.   Defendant's Motion to Dismiss

Defendant moves to dismiss this action based on the doctrines of res judicata and collateral estoppel. See Gupta v. Thai Airways International, Ltd., 487 F.3d 759, 764 (9th Cir. 2007) (holding that res judicata deprives the Court of subject matter jurisdiction). Specifically, Defendant argues that Plaintiff raises claims and issues identical to those resolved in the 1997 condemnation action and therefore Plaintiff is barred from re-litigating them here. Defendant also moves to dismiss this action on the grounds that Plaintiff's claims rest on the erroneous assertion that the Court lacks jurisdiction over the Kingdom of Hawaii and that the claims are barred by the statute of limitations.

A. Res Judicata and Collateral Estoppel

Res judicata (claim preclusion) "generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). Courts have recognized that "'the policies advanced by the doctrine of res judicata perhaps are at their zenith in cases concerning real property, land and water.'" Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1082 (9th Cir. 2003) (quoting Nevada v. United States, 463 U.S. 110, 129 n.10 (1983)).

Collateral estoppel (issue preclusion) "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." New Hampshire, 532 U.S. at 748–49. Collateral estoppel applies where it is established

11

that: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000).

Applying these principles here, the Court concludes that Plaintiff's claims are barred under either preclusion doctrine. First, the claims asserted by Lewis on behalf of the Hawaiian Kingdom in the 1997 condemnation action are identical to those being raised here. See Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002) (identify of claims exists when two suits arise from "the same transactional nucleus of facts"). The crux of those claims is that the Hawaiian Kingdom has an interest in the Subject Property based upon events surrounding the overthrow of the Hawaiian monarchy and that the United States lacks jurisdiction to condemn that property. This Court expressly considered and rejected these arguments in the 1997 action.

Second, in the prior action, the Court entered a final judgment disposing of the condemnation action and adjudicating ownership and just compensation rights. The final judgment ordered payment of just compensation to the State of Hawaii in the amount of $9,000,000.00. This judgment was based

upon the Court's determination that "the State of Hawaii held title to the [Subject Property] in fee simple absolute and no other parties possessed any interest in the property." (Final Judgment at 2.)

Lastly, the 1997 Complaint in Condemnation makes clear that both the United States and Lewis were parties to that action. (See Case No. 97-00571 DAE, Doc. # 1 ¶ 6.) The record also indicates that Lewis was given clear notice of the condemnations action and actively participated in those proceedings. (See Case No. 97-00571 DAE, Docs. ## 3, 7, 17.)

Accordingly, since all the elements for preclusion are satisfied, Plaintiff is barred from not only litigating the same claims and issues that he litigated in the 1997 action, but also any claims that he could have raised in the prior action. See Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009) ("Claim preclusion . . . bars any subsequent suit on claims that were raised or could have been raised in a prior action.")

B. Other Grounds for Dismissal

Lastly, in addition to the preclusion issue, the Court finds that the claims advanced in Plaintiff's voluminous complaint lack merit and should be dismissed. First, Plaintiff's claims appear to rest on the erroneous assumption that the United States lacks jurisdiction over residents of the Hawaiian Kingdom. As

13

discussed above, this Court, the Ninth Circuit, and Hawaii state courts have consistently rejected this argument as meritless.

Further, even assuming that Plaintiff had some viable claim of right to the Subject Property, those claims are barred by the applicable statute of limitations. Pursuant to 28 U.S.C. § 2409a(g), quiet title claims against the United States are subject to a 12-year statute of limitations from the date on which the claimant knew or should have known of the claim of the United States. 28 U.S.C. § 2409a(g); see also Fidelity Exploration and Production Co. v. United States, 506 F.3d 1182, 1185–86 (9th Cir. 2007). This statute of limitations is jurisdictional and not subject to equitable tolling. Kingman Reef Atoll Investments, LLC v. United States, 541 F.3d 1189, 1196–98 (9th Cir. 2008). Since Plaintiff obviously knew of the United States' claim to the Subject Property by the time that he received notice of the condemnation action in 1997, his current claims expired no later than 2009. Accordingly, Plaintiff's claims are unequivocally barred by the statute of limitations.

## CONCLUSION

For all the reasons stated above, the Court **DENIES** Plaintiff's Motion to Vacate (Doc. # 9) and **GRANTS** Defendant's Motion to Dismiss this action (Doc. # 6). The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2012.

_____
David Alan Ezra
United States District Judge

Hawaiian Kingdom v. United States, CV No. 11-00657 DAE-KSC; ORDER: (1) DENYING PLAINTIFF'S MOTION TO VACATE, AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS ACTION